MAIN, Judge,
dissenting.
I respectfully dissent from the per cu-riam opinion reversing Jerry Wade Rich’s conviction for second-degree receiving stolen property and rendering a judgment in his favor.
Rich was charged by indictment with second-degree receiving stolen property, a violation of § 13A-8-18, Ala.Code 1975. The per curiam opinion has set out the applicable principles regarding statutory construction, and my analysis is in accordance with those principles. As the per curiam opinion also sets out, receiving stolen property is defined as:
“A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.”
§ 13A-8-16(a), Ala.Code 1975. A person commits the crime of second-degree receiving stolen property, a Class C felony, when the stolen property “exceeds five hundred dollars ($500) in value but does not exceed two thousand five hundred dollars ($2,500) in value .... ” § 13A-8-18(a)(1), Ala.Code 1975. The General Definitions to Chapter 8 — Offenses Involving Theft — which are applicable in this case, defines “stolen” as: “[ojbtained by theft, theft by appropriating lost property, robbery, or extortion.” § 13A-8-l(12), Ala. Code 1975. Theft is not one of the terms defined in the general definitions section of Chapter 8 — Offenses Involving Theft. However, the Commentary to § 13A-8-16, Ala.Code 1975, cross-references § 13A-8-1, Ala.Code 1975, specifically, the definitions for “property,” “receiving,” and “stolen.” The Commentary also cross-references § 13A-8-2, Ala.Code 1975, “theft of property.” Additionally, the Commentary to § 13A-8-16 states that: “ ‘[sjtolen’ means ‘obtained by theft.’ ” and references “Section 13A-8-l(12).” Theft is defined in § 13A-8-2, in pertinent part, as:
“A person commits the crime of theft of property if he or she:
[[Image here]]
“(3) Knowingly obtains or exerts control over property in the custody of a law enforcement agency which was explicitly represented to the person by an *740 agent of the law enforcement agency as being stolen,.... ”
The “History” to § 13A-8-2, Ala.Code 1975, provides that the legislature added subdivision (3) by amendment in 2003. Thus, in my opinion, the three iPods were “stolen” because they were in the custody of the Trussville Police Department; Detective Posey, an agent of the Trussville Police Department, represented to Rich that they were in fact stolen; and Rich obtained the property for Jim’s Pawn Shop. Therefore, I would affirm Rich’s conviction. Therefore, I dissent.